**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Tony Francis Isaac, | : | Case No. 1:09 CV 1560 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S RETORT AND RECOMMENDATION** |
| Tim Brunsman, Warden, | : | |
| Respondent. | : | |

This case, filed pursuant to 28 U.S.C. § 2254, was referred to the undersigned Magistrate pursuant to the United States District Court for the Northern District of Ohio Local Rule 72.2.  Pending are Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), Respondent's Return (Docket No. 8) and Petitioner's Traverse (Docket No. 9).  For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

I.  FACTUAL AND PROCEDURAL BACKGROUNDS.

A.  CONVICTION AND SENTENCES.

On March 26, 2003, Petitioner entered a plea of guilty to a Bill of Information charging him with five

counts of rape and one count of felonious assault. The Ashland County, Ohio, Common Pleas Court, accepted his plea of guilty to five counts of rape, a violation of OHIO REV. CODE § 2907.02(A)(1)(b), and one count of gross sexual imposition, a violation of OHIO REV. CODE § 2907.05(A)(4) (Docket No. 8, Exhibit 3). On May 5, 2003, Petitioner was sentenced to serve five consecutive five-year terms on each of the felony rape convictions and a consecutive three-year term on the offense of gross sexual imposition, for a total of twenty-eight years (Docket No. 8, Exhibit 5). The court declared Petitioner a sexual predator pursuant to OHIO REV. CODE § 2950.01 (Docket No. 8, Exhibits 6 & 7).

**B.    DIRECT APPEAL.**

Petitioner perfected a timely notice of appeal in the Fifth District Court of Appeals on June 5, 2003 (Docket No. 8, Exhibit 8). In his brief, Petitioner presented three assignments of error:

(1). Petitioner argued that the imposition of consecutive sentences was against the manifest weight of the evidence and contrary to law.

(2). Petitioner argued that the determination that he was a sexual predator was against the manifest weight of the evidence and contrary to law.

(3). Petitioner argued that the imposition of a twenty-eight year sentence in this case was an unnecessary burden on state resources.

On March 8, 2004, the Fifth District Court of Appeals found:

(1). The trial court's imposition of consecutive sentences was against the manifest weight of the evidence and contrary to law. The sentence was vacated and the case was remanded for re-sentencing.

(2). The determination that Plaintiff should be classified as a sexual predator was supported by the manifest weight of the evidence.

(3). There was no precedent that imposing a sentence of twenty-eight years actual incarceration for five counts of rape and one count of gross sexual imposition pursuant to the circumstances of the offenses, constituted an unnecessary burden upon State resources.

(4). Petitioner did not appeal to the Supreme Court of Ohio.

**C.     THE FIRST REMAND HEARING.**

On August 11, 2004, Judge Jeffrey L. Runyan sentenced Petitioner, *in absentia*, to the same sentence previously imposed–five consecutive five year terms on each of five felony rape convictions and a consecutive three year term for the offense of gross sexual imposition. Petitioner's total sentence was twenty-eight years (Docket No. 8, Exhibit 12).

Petitioner filed a timely notice of appeal (Docket No. 8, Exhibit 13). Petitioner's sole argument was that the sentencing was held outside his presence (Docket No. 8, Exhibit 14). The court of appeals found that the trial court erred in re-sentencing Petitioner *in absentia* (Docket No. 8, Exhibit 16).

**D.     THE SECOND REMAND HEARING.**

On October 7, 2005, Petitioner was present at a hearing during which he was sentenced as follows:

Count One:     The offense of rape, five years under the authority of the Ohio Department of Rehabilitation and Corrections (ODRC).

Count Two:     The offense of rape, five years under the authority of the ODRC, to be served consecutively to the sentence in Count One.

Count Three:   The offense of rape, five years under the authority of the ODRC, to be served consecutively to the sentence in Counts One and Two.

Count Four:    The offense of rape, five years under the authority of the ODRC, to be served consecutively to Counts One, Two and Three.

Court Five:    The offense of rape, five years under the authority of the ODRC, to be served consecutively to Counts One, Two, Three and Four.

Count Six:     The offense of gross sexual imposition, three years under the authority of the ODRC, to be served consecutively to the sentences imposed in Counts One, Two, Three, Four and Five.

(Docket No. 8, Exhibit 17).

Petitioner perfected a notice of appeal on November 10, 2005, with the assistance of new counsel (Docket No. 8, Exhibit 18). The sole assignment of error was that the court imposed an unconstitutional

3

sentence based on an unconstitutional statute (Docket No. 8, Exhibit 19). The state concurred that the matter should be remanded for re-sentencing based on the Ohio Supreme Court decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N. E. 2d 470 (2006) (Docket No. 8, Exhibit 20). The court of appeals remanded the case to the trial court for re-sentencing pursuant to the directives of *Foster* (Docket No. 8, Exhibit 21).

E.   THE THIRD REMAND HEARING.

On October 4, 2006, Judge Deborah E. Woodward sentenced Petitioner as follows:

Count One:   The offense of rape, five years under the authority of the ODRC.

Count Two:   The offense of rape, five years under the authority of the ODRC, to be served consecutively to the sentence in Count One.

Count Three: The offense of rape, five years under the authority of the ODRC, to be served consecutively to the sentence in Counts One and Two.

Count Four:  The offense of rape, five years under the authority of the ODRC, to be served consecutively to Counts One, Two and Three.

Court Five:  The offense of rape, five years under the authority of the ODRC, to be served consecutively to Counts One, Two, Three and Four.

Count Six:   The offense of gross sexual imposition, three years under the authority of the ODRC, to be served consecutively to the sentences imposed in Counts One, Two, Three, Four and Five.

(Docket No. 8, Exhibit 22).

F.   POST CONVICTION RELIEF.

Petitioner filed a motion for delayed appeal on December 4, 2006, in which he argued that the original unconstitutional sentence had been reimposed (Docket No. 8, Exhibit 23). The court of appeals granted the motion for delayed appeal and appointed the Office of Ohio Public Defender as counsel for purposes of appeal (Docket No. 8, Exhibit 24). In his brief on the merits, Petitioner asserted two assignments of error.

(1). The trial court erred in imposing post-release control.

(2). The trial court erred in imposing non-minimum, consecutive prison sentences.

(Docket No. 8, Exhibit 25).

**G.     APPEAL OF THE DENIAL OF THE REQUEST FOR POST-CONVICTION RELIEF.**

On September 27, 2007, the judgment of the trial court was affirmed by the court of appeals (Docket No. 8, Exhibit 28).

A notice of appeal was filed in the Supreme Court of Ohio (Docket No. 8, Exhibit 29). In the memorandum in support of jurisdiction, Petitioner claimed that post-release control violated the separation of power and a defendant may not be re-sentenced pursuant to a sentencing scheme in which the presumptive minimum sentence has been eliminated subsequent to the commission of the underlying crime (Docket No. 8, Exhibit 30). Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 8, Exhibit 32).

Chief Justice Moyer denied the request for reconsideration on April 10, 2008 (Docket No. 8, Exhibit 35).

On July 8, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus in this federal district court (Docket No. 1). He asserts one ground for relief:

> Petitioner's right to due process of law and the protection against the imposition of Ex Post Facto law was violated when the trial court sentenced him to consecutive non-minimum sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution.

**II. FEDERAL COURT JURISDICTION.**

Writs of habeas corpus may be granted by the district court within the respective jurisdictions. *Charley v. Jackson,* 2010 WL 99361, *5 (N. D. Ohio 2010). Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person

is in custody or in the district court for the district within which the state court was held which convicted and sentenced him/her and each of such district courts shall have concurrent jurisdiction to entertain the application. *Id.* (*citing* 28 U. S. C § 2241(a) & (d)). The writ of habeas corpus shall not extend to a prisoner unless he or she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U. S. C. 2241 (c)(3) (Thomson Reuters 2010).

Sentenced by a judge in the Ashland County Court of Common Pleas, Petitioner is confined at Lebanon Correctional Institution in Lebanon, Ohio, as a result of his convictions. He is in custody for purposes of habeas jurisdiction.

Petitioner has phrased sufficiently deprivations of the Ex Post Facto and Due Process Clauses. Accordingly, this Court has jurisdiction over Petitioner's claims asserted in the Writ of Habeas Corpus.

### III. HABEAS CORPUS STANDARD

In determining whether to issue a habeas writ, the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PUB. L. NO. 104-132, 110 Stat. 1214 (1996) govern the district court's review of a state court decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d)). A state court decision on the merits is contrary to clearly established Supreme Court precedent only if a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially distinguishable from a decision of the Court and nevertheless arrives at a different result. *Id.* (*citing Mitchell v. Esparaza*, 124 S. Ct. 7, 10 (2003) (per curiam)

(*quoting Williams v. Taylor*, 120 S. Ct. 1485, 1519-1520 (2000); *see also Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002)).

"[W]here the state court decides a claim on the merits but does not articulate the reasons for its decision, [a federal habeas court is] 'obligated to conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.'" *Id.* (*quoting Daniels v. Lafler,* 192 Fed. Appx. 408, 419 (6th Cir. 2006) (*quoting Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 1415 (2001)). "This 'independent review' is 'not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA.'" *Id.* (*citing Harris*, 212 F.3d at 943).

### IV. PETITIONER'S POSITION.

Petitioner claims that he should be provided relief that predates *State v. Foster, supra*. The *Foster* remedy has adverse implications for him and violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

### V. RESPONDENT'S POSITION.

Respondent's answer consists of six reasons to deny Petitioner's request for habeas relief. First, this Court cannot grant habeas relief unless the state court adjudication of the claim resulted in an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. This Court should presume the correctness of the state court findings of fact.

Second, before *Foster*, Ohio's statutes gave a sentencing court discretion to fashion a sentence that complied with the purposes of Ohio's sentencing scheme but required the court to make certain findings before imposing non-minimum, maximum or consecutive sentences. Now, the sentencing court must comply with factors set forth in OHIO REV. CODE § 2929.19(B), (C), (D), and (E) as other factors that are prescribed for

achieving the overall purposes. In this case, Petitioner's sentences are within Ohio's appropriate ranges.

Third, the Ohio Supreme Court's interpretation of the Ohio General Assembly's legislative intent is binding on the Court.

Fourth, Petitioner's re-sentencing pursuant to *Foster's* severance remedy did not violate the Ex Post Factor or Due Process principles.

Fifth, the remedy adopted in *Foster* did not eliminate appellate review of sentences in Ohio.

Sixth, the state appellate court opinion was not an unreasonable application of the United States Supreme Court precedent.

## VI. ANALYSIS.

The Ex Post Facto Clause prohibits **a state from passing a law** that (1) criminalizes an act committed before the law was passed, which was innocent when done, (2) " 'aggravates a crime, or makes it greater than it was, when committed,'" (3) " 'changes the punishment'" to inflict greater punishment than the law provided when the crime was committed, or (4) " 'alters the legal rules of evidence'" so that less or different testimony is required than at the time the offense was committed. *Hooks v. Sheets,* 2010 WL 1655578, *3 (6th Cir. 2010) (*citing Rogers v. Tennessee,* 121 S. Ct. 1693, 1697 (2001) (*quoting Calder v. Bull,* 1798 WL 587, *3 (1798)). The Ex Post Facto Clause provides by its terms that it is applicable only to acts of the legislature, and " 'does not of its own force apply to the Judicial Branch of government.' " *Id.* (*citing Rogers,* 121 S. Ct. at 1697) (*quoting Marks v. United States,* 97 S. Ct. 998, 992 (1977)). Nevertheless, the "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Id.* (*citing Rogers,* 121 S. Ct. at 1697). Consequently, the principles of the Ex Post Facto Clause apply to the courts through the Due Process Clause. *Id.* (*see Rogers*, 121 S. Ct. at 1697). Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the Ex Post

Facto Clause. *Id.* (*citing Rogers*, 121 S. Ct. at 1698).

A state's statutory scheme does not violate the Sixth Amendment simply because it constrains the ability of courts to impose consecutive sentences to situations in which the court has found specific facts. *Id.* at *4 (*citing Oregon v. Ice,* 129 S.Ct. 711, 714-15 (2009)). Instead, a state may allow courts unfettered discretion to impose consecutive sentences or it may limit that authority without violating the Sixth Amendment. *Id.* While neither the Sixth Circuit nor the United States Supreme Court has addressed the issue of whether the *Foster* decision is tantamount to an *ex post facto* law, the Sixth Circuit has repeatedly held that the retroactive application of the similar remedial ruling in *United States v. Booker,* 125 S. Ct. 738 (2005), does not raise an *ex post facto* issue. *Van Le v. Beightler,* 699 F. Supp.2d 929, 943 (N. D. Ohio 2009) (*see United States v. Hill*, 209 Fed. Appx. 467, 468 (6th Cir. 2006); *United States v. Barton,* 455 F.3d 649, 657 (6th Cir.2 006); *United States v. Shepherd,* 453 F.3d 702, 705-706 (6th Cir. 2006); *See also U.S. v. Sexton,* 512 F.3d 326, 331 (6th Cir. 2008)).

When the crimes were committed, Petitioner was subject to consecutive sentences at the discretion of the court. By the time Petitioner was sentenced the third time, the trial court had full discretion to impose a prison sentence within the statutory range and not make findings or give reasons for imposing maximum, consecutive or non-minimum sentences. The findings in *Foster* neither served to aggravate the crimes after he committed them, enhanced the punishment, nor altered the legal rules of evidence. In fact, the sentencing guidelines were the same when Petitioner committed the offenses as when he was sentenced. When he entered a plea, Petitioner was given fair warning that it was likely that consecutive sentences would be imposed. Re-sentencing to consecutive sentences for rape and gross sexual imposition after the original sentence was reversed and remanded for sentencing consistent with *Foster*, did not violate the Due Process or Ex Post Facto Clauses. Petitioner is not entitled to habeas relief based on these claims.

**VII. CONCLUSION**

For the foregoing reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: October 15, 2010

### VIII. NOTICE FOR REVIEW

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals condition the right of appeal on the filing of timely objections to a report and recommendation.